# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50366 | **DATE** | 2/7/2003 |
| **CASE TITLE** | RUMLEY vs. WAHL CLIPPER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to strike is denied and defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB - 7 2002 date docketed | |
| X | Docketing to mail notices. | | | 31 |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge✓ | | | |
| | /SEC courtroom deputy's initials | FEB -7 PM 2:27 FILED Date/time received in central Clerk's Office | FEB - 7 2002 date mailed notice | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Cheryl K. Rumley, pro se, filed an amended complaint against defendant, Wahl Clipper Corp. asserting failure to reasonably accommodate her disability in violation of the Americans with Disabilities Act. 42 U.S.C. § 12101 et seq. ("ADA"). Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a). Defendant moved for summary judgment and filed a supporting memorandum of law and a statement of material undisputed facts as required by LR 56.1(a)(2),(3). Defendant served and filed the Notice to Pro Se Litigants opposing Summary Judgment as required by LR 56.2. Plaintiff has not filed an LR 56.1(b)(3)(B) statement of additional facts that require denial of summary judgment. She has filed a document containing her answers to defendant's LR 56.1(a)(3) statement of material facts supporting summary judgment. This statement does not conform to the local rule in that it often (1) fails to respond to the defendant's statement of fact; (2) fails to cite to the record and (3) includes plaintiff's assertions of opinion (e.g. "deliberately pulled Plaintiff over to stand packing to try and harass her" (LR 56.1(b) ¶ 9).) Defendant has moved to strike the bulk of this statement. Plaintiff has filed a memorandum in opposition to summary judgment which does not cite any authority nor make any argument but contains factual allegations and expressions of opinion. While plaintiff's failure to comply with the local rules alone may justify granting defendant's motion for summary judgment, see Greer v. Board of Educ., 267 F.3d 723, 727 (7th Cir. 2001), the court will not do so on that basis but will address the merits of the summary judgment motion.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper if on the record as a whole, a rational jury could not find for plaintiff. See Dersch Energies, Inc. v. Shell Oil Co., No. 01-2495, 2002 WL 31873608, * 6 (7th Cir. Dec. 26, 2002). Plaintiff must present evidence sufficient to establish the existence of the elements essential to her case on all matters upon which she bears the burden of proof at trial to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Boyce v. Moore, No. 01-2809, 2002 WL 31882233, * 3 (7th Cir. Dec. 27, 2002).

The evidence indicates plaintiff returned to work at defendant on August 31, 1998, after being on a leave of absence since May 19, 1997. (LR 56.1(a) ¶ 11) Plaintiff continued to work at defendant, doing odd jobs, until April 29, 1999. (Id. ¶ 12) On April 29, 1999, plaintiff was sent home and told she could return to work on Monday, May 3, 1999. (Id. ¶ 14) She did not return to work on May 3, 1999, but was placed on a medical leave of absence effective May 3, 1999. (Id. ¶ 17) Plaintiff never returned from this medical leave. (Id. ¶ 20) By letter dated October 18, 1999, plaintiff's psychiatrist advised defendant that plaintiff should not return to work due to her depression. (Id. ¶ 19) Plaintiff was terminated on May 4, 2000, because she had not returned to work for over one year and provided no indication she would be able to return to work. (Id. ¶ 20 )

It is undisputed plaintiff actually worked at defendant from her return on August 31, 1998 until April 29, 1999. While plaintiff apparently is unhappy with what work she had to do, she did have a job and there is no evidence the job was inferior to the job plaintiff desired in any legally cognizable way. An employer is not required to give plaintiff the job she wants in order for the accommodation to be reasonable. See Rehling v. City of Chicago, 207 F.3d 1009, 1014 (7th Cir. 2000). There is no evidence plaintiff suffered any loss of any sort from being assigned odd jobs from August 31, 1998 to April 29, 1999.

After April, 1999, the evidence is that plaintiff was on medical leave and unable to return to work due to depression until her termination May 4, 2000. Plaintiff has not challenged her discharge as violating the ADA. Even if she had, plaintiff was not a qualified individual during the period of her leave until her termination because she was not able to work for defendant and therefore, could not perform the essential functions of any job there with or without reasonable accommodation. See Weiler v. Household Finance Corp., 101 F.3d 519, 525 (7th Cir. 1996) (plaintiff not qualified individual where psychotherapist stated plaintiff could not return to work at defendant in any position). An employer is not required to keep a job open indefinitely. See Id. at 526. Plaintiff's termination one year after beginning medical leave did not violate the ADA.[1]

For the foregoing reasons, defendant's motion to strike is denied and defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

---

[1] Because the resolution of these issues entitles defendant to summary judgment the court need not discuss the other issues raised by defendant in support of summary judgment.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Cheryl K. Rumley                           **JUDGMENT IN A CIVIL CASE**

       v.                                          Case Number: 00 C 50366

Wahl Clipper

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to strike is denied and defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

                                                              Michael W. Dobbins, Clerk of Court

Date: 2/7/2003                                          Susan M. Wessman, Deputy Clerk